UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

MARCELA TOVAR,                                    Index Number:

                         Plaintiff,


            -v-                                   **COMPLAINT**
                                                  **WITH JURY DEMAND**

NEDERLANDER PRODUCING COMPANY OF
AMERICA, INC., ANTHONY LATORELLA,
NICHOLAS HIPPLE, RONALD RAWLINGS,
ELIZABETH LEVY, and SVETLANA RUZIC,

                         Defendants.
-------------------------------------------------------------------X

Plaintiff, MARCELA TOVAR ("Ms. Tovar" or the "Plaintiff") by and through her

attorneys, MIZRAHI KROUB LLP, as and for her Complaint against NEDERLANDER

PRODUCING COMPANY OF AMERICA, INC. ("Nederlander"), ANTHONY LATORELLA

("Mr. LaTorella"), NICHOLAS HIPPLE ("Mr. Hipple"), RONALD RAWLINGS ("Mr.

Rawlings"), ELIZABETH LEVY ("Ms. Levy"), and SVETLANA RUZIC ("Ms. Ruzic") (all

together as "Defendants")

### *NATURE OF THE CASE*

1.      This action is brought under 42 U.S.C. § 1981 ("Section 1981") and New York City

Human Rights Law, Title 8 of the Administrative Code of the City of New York, as amended,

including The Local Civil Rights Restoration Act, effective October 3, 2005, as well as Local Laws

1, 34, 35, 36, 37, 38, and 40 of 2016 ("NYCHRL") and other appropriate rules, regulations,

statutes, and ordinances.

1

2.    Ms. Tovar (a Hispanic female) claims that her employers, Defendants, have subjected her to a pervasive and ongoing hostile work environment on the basis of her race and gender; discriminated against her on the basis of her race and gender; and retaliated against her for complaining about and opposing discrimination in the workplace.  Despite Ms. Tovar's repeated complaints to management, Defendants have failed to take adequate action, and the discrimination and harassment have systematically worsened.  Ms. Tovar remains employed and continues to suffer from Defendants' unlawful conduct.

### *THE PARTIES*

3.    Plaintiff is an individual, who is a resident of New York County, New York.

4.    At all times herein pertinent, Plaintiff was an "employee" and "person" of the Defendants and each of them within the meaning of Section 1981 and NYCHRL.

5.    Nederlander was and is a domestic business corporation with a principal place of business located at 1501 Broadway, 14th Floor, New York, New York 10036.

6.    Mr. LaTorella was and is Nederlander's Vice President of Labor Relations.  Upon information and belief, Mr. LaTorella has authority and say in all matters concerning the Company and its employees, including but not limited to hiring and firing practices, promotions and compensation, payroll practices, maintaining employment records, day-to-day activities, supervision of employees, and discrimination policies.

7.    Mr. Hipple was and is Nederlander's Labor Relations Generalist.  Upon information and belief, Mr. Hipple has authority and say in all matters concerning the Company and its employees, including but not limited to hiring and firing practices, promotions and compensation, payroll practices, maintaining employment records, day-to-day activities, supervision of employees, and discrimination policies.

8.     Mr. Rawlings was and is Nederlander's General Manager. Upon information and belief, Mr. Rawlings has authority and say in all matters concerning the Company and its employees, including but not limited to hiring and firing practices, promotions and compensation, payroll practices, maintaining employment records, day-to-day activities, supervision of employees, and discrimination policies.

9.     Ms. Levy was Nederlander's Manager. Upon information and belief, Ms. Levy has authority and say in matters concerning the Company and its employees, including but not limited to hiring and firing practices, promotions and compensation, payroll practices, maintaining employment records, day-to-day activities, supervision of employees, and discrimination policies.

10.     Ms. Ruzic was Nederlander's lead cleaner and supervisor. Upon information and belief, Ms. Ruzic has authority and say in matters concerning the Company and its employees, including but not limited to hiring and firing practices, promotions and compensation, payroll practices, maintaining employment records, day-to-day activities, supervision of employees, and discrimination policies.

10.     At all times pertinent, Defendants were employers as defined by Section 1981 and NYCHRL and they individually and/or together had four (4) or more persons in their employ.

### *JURISDICTION AND VENUE*

13.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's civil rights under 42 U.S.C. § 1981.

14.     The Court has supplemental jurisdiction over Plaintiff's NYCHRL claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same nucleus of operative facts as Plaintiff's federal claims.

15.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as all events giving rise to the claims occurred within the Southern District of New York, specifically at the Lena Horne Theatre in Manhattan, New York.

### *MATERIAL FACTS*

16.     Nederlander is a prominent entertainment company known for its extensive portfolio of Broadway productions and concert events across multiple major cities.

17.     Plaintiff began working for Defendants as a cleaner on October 1, 2024, and remains employed in that position.

18.     Plaintiff's workplace is located at the Lena Horne Theatre in Manhattan, New York.

19.     Throughout her employment, Plaintiff has been subjected to ongoing harassment, discrimination, and retaliation in different forms – with the knowledge and blessing of Defendants.

**Luis Fragosa - A Known Domestic Abuser Who Has Stalked and Threatened Females And Others Employes At Work - Harasses And Threatens Plaintiff, Cornering Her In The Woman's Bathroom**

20.     On March 17, 2025, Plaintiff's male co-worker, Luis Fragosa, entered the woman's bathroom without permission - while Plaintiff was inside with the door shut.

21.     Mr. Fragosa, who had no valid reason to be in the woman's bathroom, then or ever, aggressively approached Plaintiff and acted threateningly towards her.

22.     Plaintiff was particularly frantic and threatened by Mr. Fragosa's behavior because she knows Mr. Fragosa has physically battered women in the past, including a close friend of Plaintiff who was forced to get a restraining order against Mr. Fragosa.

23.     Plaintiff believed the threat to be imminent since, at that time, Mr. Fragosa was responsible for personally delivering paychecks to the homes of employees, including that of Plaintiff's residence.

24.    Plaintiff was also alarmed because it was well known to Defendants that Mr. Fragosa had acted aggressively and stalked other women at the theater and threatened an elderly employee with physical violence, but he was never reprimanded, fired or transferred.

**Defendants Ignore Numerous Complaints About Luis Fragosa; Due to Plaintiff's Repeated Complaints, Defendants Transfer Luis Fragosa - As Opposed To Terminating Him.**

25.    Plaintiff and others previously reported bizarre and threatening behavior from Mr. Fragosa, and Defendants did nothing about it.

26.    Unable to ignore the incident and wanting Defendants to take decisive, corrective action, Plaintiff immediately complained to Defendants, verbally and in writing, advising Defendants of Mr. Fragosa's history of beating woman, including her close friend, the restraining order against him, his threats towards Plaintiff, and his knowledge of Plaintiff's home address.

27.    In one of her many complaints on the situation, Plaintiff stressed her fear of retribution by Mr. Fragosa, a domestic abuser who beat her friend and who has her home address:

**I know who he is and what he's capable of doing so I do my best to stay clear of him and close all doors when I'm working. Once again I don't want problems, I just want to work in peace. Luis [Fragosa] does not know that I know who he is and I would like to leave it that way for my safety.**

28.    Even though Plaintiff and others had previously reported numerous instances of Mr. Fragosa's erratic and threatening behavior, and despite the clear risk he poses to woman, Defendants did not fire him.

29.    Mr. Fragosa was simply transferred to another work location, no doubt making him another woman's problem at work.

30.    To this date, Plaintiff fears for her safety regarding Mr. Fragosa.

**Through Svetlana Ruzic, Defendants Discriminate Against Plaintiff On the Basis of Her Race and Retaliate Against Her for Engaging In Protected Activity; Plaintiff Repeatedly Complains About Her Behavior.**

31.     Since at least March 2025 through the present, Ms. Ruzic, a white woman, has repeatedly discriminated against Plaintiff due to her race, including unjustifiably berating her and criticizing her work, telling her she "doesn't do anything right, overworking her, making derogatory remarks about Hispanics, and otherwise subjecting her to a hostile work environment.

32.     In fact, on a regular basis, Ms. Ruzic refers to Hispanics, including Plaintiff, as "you people" during offensive rants directed at Plaintiff and other Hispanics, making clear that her harassment is based on Plaintiff's race.

33.     Plaintiff has repeatedly asked Ms. Ruzic to stop this behavior, but to no avail.

34.     Since Ms. Ruzic's discriminatory behavior is ongoing and inexorable, she has repeatedly complained to Defendants, including Ms. Levy and Mr. Rawlings, about it *at least fourteen (14) time*s.

35.     Although Mr. Rawlings has advised Plaintiff that Defendants are aware of her complaints, like with Mr. Fragosa, nothing has been done.  Making matters worse, Ms. Ruzic's mistreatment of Plaintiff has worsened each day.

**Svetlana Ruzic Continues Discriminating and Retaliating Against Plaintiff And Traps Her In The Bathroom**

**36.**     On November 5, 2025, while Plaintiff was in the bathroom, Ms. Ruzic cornered Plaintiff and falsely accused her of not doing a task assigned to her.  When Plaintiff attempted to explain that Ms. Ruzic was wrong, Ms. Ruzic became enraged screaming **"you people don't do anything right!"**

37.    Given the clear racist undertone of Ms. Ruzic's remarks and frightening screams and in an attempt to diffuse the situation, Plaintiff asked Ms. Ruzic to stop harassing her and attempted to exit the bathroom.

27.    Ms. Ruzic refused, saying she would not stop, and physically prevented Plaintiff from leaving the bathroom.

28.    Plaintiff told Ms. Ruzic she would call Elizabeth Levy, but Plaintiff was so upset, including shaking, crying, and completely distressed, that she could not dial her phone.

29.    Plaintiff told Ms. Ruzic multiple times, no fewer than eight times, to let her leave.

**30.**    Ms. Ruzic refused and said, **"No, I will not let you leave. I'm the lead, and you people have to do what I say."**

31.    The incident in the bathroom left Plaintiff feeling intimidated, trapped, and fearful. Ms. Ruzic's behavior was aggressive and physically controlling, as she intentionally prevented Plaintiff from leaving a confined space despite Plaintiff's repeated verbal requests.

32.    This was not a misunderstanding - it was an act of physical detainment that left Plaintiff shocked, scared, and unsure of what Ms. Ruzic was capable of doing to her.

33.    Following the November 5, 2025 bathroom incident, Plaintiff was unable to sleep because she was dreading going into work.

**<u>Plaintiff Complains Once More To Defendants About Discrimination and Retaliation; Once more, Defendants Do Nothing About it.</u>**

41.    On or about November 6, 2025, Plaintiff sent a written complaint to Defendants reporting the November 5, 2025 bathroom incident and requesting that an investigation be opened immediately and that appropriate measures be taken to ensure her safety in the workplace.

42. In her written complaint, Plaintiff stated that she did not feel safe working alongside Ms. Ruzic and that she was genuinely afraid for her safety, as Ms. Ruzic had demonstrated behavior that was threatening, unpredictable, and mentally unstable.

43. On or about November 19, 2025, at 11:15 a.m., Plaintiff met with Anthony LaTorella to discuss her complaints about Ms. Ruzic and the November 5, 2025 bathroom incident.

54. During the meeting, Plaintiff gave Mr. LaTorella numerous examples of how Ms. Ruzic has discriminated and retaliated against her, including how Ms. Ruzic, a white woman, berates and mistreats Plaintiff while referring to Hispanics and Plaintiff as "you people" during her offensive, racist rants.

55. Mr. LaTorella explicitly admitted that he could see how Ms. Ruzic's "you people" remarks "could be deemed offensive to a Hispanic person" and how it was inappropriate.

56. However, Mr. LaTorella dismissed Ms. Ruzic's remarks and behavior as merely "a misunderstanding and miscommunication" between Ms. Ruzic and Plaintiff.

57. Regarding the November 5, 2025 bathroom incident, Mr. LaTorella claimed that he had reviewed video footage, but that it did not support Plaintiff's version of the events.

58. Mr. LaTorella's characterization of the incident intentionally minimized and dismissed Plaintiff's account of events and the severe impact the incident had on her.

59. On November 20, 2025, Plaintiff sent a follow-up email to Defendants claiming that the ongoing harassment and mistreatment she received from Ms. Ruzic was based on racism and retaliation.

60. Plaintiff further stated that she had previously reported Ms. Ruzic's behavior to Elizabeth Levy and Ronald Rawlings, but that not only had nothing gotten better, it had gotten systematically worse, demonstrating that she was being retaliated against.

61.    Plaintiff clarified that her issues with Ms. Ruzic were not based on any misunderstanding or miscommunication, but rather unacceptable discrimination and retaliation:

**Racism, a hostile work environment, and retaliation are not misunderstandings or miscommunications. She [Ms. Ruzic] is a supervisor, and she should know better. I reported these situations and how I feel about them to other supervisors, but the problem persists.**

62.    Plaintiff also underscored that she believes that what Ms. Ruzic is doing to her, as well as the company's inaction, is retaliation for complaining in the past about both Ms. Ruzic and Mr. Fragosa.

63.    Proving Plaintiff right, to date, Ms. Ruzic continues working with Plaintiff as her supervisor.

64.    Ms. Ruzic has not been reprimanded, written up, or subject to any adverse employment action for her behavior.

64.    Despite Plaintiff's repeated complaints to Defendants about the discrimination, harassment, and retaliation she has endured, Defendants have failed to take corrective action.

65.    The harassment, discrimination, and retaliation Plaintiff has endured have been severe, ongoing and pervasive enough to alter the conditions of her employment and create an abusive working environment.

66.    The conduct Plaintiff has been subjected to was and is personally insulting, offensive, and abusive to, Plaintiff, and would be objectively insulting, offensive, and abusive to others.

67.    Employees outside Plaintiff's protected classes were treated more favorably than Plaintiff.

9

68. The discrimination and retaliation against Plaintiff are ongoing, as she continues to work for Defendants and remains subjected to a hostile work environment.

69. As a direct result of Defendants' unlawful conduct, Plaintiff has suffered and continues to suffer severe emotional distress, including inability to sleep, shaking, crying, feeling trapped and fearful, and dreading returning to work.

### *FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS*
*Race Discrimination and Hostile Work Environment Under 42 U.S.C. § 1981*

75. Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

76. Defendants discriminated against Plaintiff on the basis of her race (Hispanic) in violation of 42 U.S.C. § 1981 by subjecting her to discriminatory terms and conditions of employment, including but not limited to, subjecting her to disparate working conditions and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

77. Defendants discriminated against Plaintiff on the basis of her race, in violation of 42 U.S.C. § 1981, by creating, fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a continuous and pervasive hostile work environment that included, among other things, severe harassment of Plaintiff because of her race.

78. The hostile work environment includes, but was not limited to, the November 5, 2025 bathroom incident in which Ms. Ruzic physically blocked Plaintiff from exiting the bathroom and held her against her will despite Plaintiff's repeated requests to leave.

79. The hostile work environment further included, but was not limited to, Defendant Ruzic's repeated use of racially charged language, including referring to Hispanics and Plaintiff as "you people" during offensive rants directed at Plaintiff.

80.    The hostile work environment also included a pattern of targeting Hispanic employees, singling Plaintiff out for false accusations, berating her, telling her she "doesn't do anything right," and subjecting her to demeaning and threatening treatment.

81.    The harassment Plaintiff endured was unwelcome and was based on Plaintiff's race as a Hispanic woman.

82.    The harassment was sufficiently severe and pervasive to alter the conditions of Plaintiff's employment and create an abusive working environment.

83.    The harassment is imputable to Defendants as Plaintiff's employer and as supervisors and managers with authority over Plaintiff, including Defendant Ruzic who acted as a lead cleaner and supervisor.

84.    Defendants knew or should have known of the harassment and discrimination against Plaintiff based on her race, as Plaintiff repeatedly reported the conduct to Defendants Elizabeth Levy, Ronald Rawlings, Nicholas Hipple, and Anthony LaTorella.

85.    Despite having actual knowledge of the harassment, Defendants failed to take prompt and adequate corrective action to prevent or remedy the hostile work environment.

86.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of 42 U.S.C. § 1981, Plaintiff has suffered and continues to suffer substantial economic losses, including lost wages and benefits, constructive interference with her employment, and potential future losses, in an amount to be proved at trial.

87.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, mental anguish, inability to sleep, fear, and other incidental and consequential damages in an amount to be proved at trial.

11

88.     Defendants have acted with malice and reckless indifference to Plaintiff's federally protected rights.

89.     Therefore, Plaintiff is entitled to all remedies and relief afforded by 42 U.S.C. § 1981, including but not limited to, compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief.

### *SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS*
#### *Retaliation Under 42 U.S.C. § 1981*

90.     Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

91.     Plaintiff engaged in protected activity under Section 1981 by complaining about race discrimination and harassment to management, including Defendants.

92.     Plaintiff's protected activity included, but was not limited to, complaining about Defendant Svetlana Ruzic's use of racially charged language, including referring to Hispanics and Plaintiff as "you people" during offensive rants, and complaining about the discriminatory treatment and harassment Plaintiff suffered on the basis of her race.

93.     Defendants knew of Plaintiff's protected activity, as Plaintiff repeatedly reported the discrimination and harassment to Defendants Elizabeth Levy, Ronald Rawlings, Nicholas Hipple, and Anthony LaTorella.

94.     Following Plaintiff's complaints, Defendants took adverse actions against Plaintiff, including continuing and escalating the hostile work environment, subjecting her to heightened scrutiny and discipline, dismissing her complaints as "misunderstandings," and failing to provide the requested safety protections.

12

95. Following Plaintiff's complaints to Defendants, including but not limited to, Elizabeth Levy and Ronald Rawlings about Ms. Ruzic's discriminatory conduct, the harassment and retaliation systematically worsened rather than improved.

96. After Plaintiff's November 6, 2025 written complaint about the bathroom incident, and after her November 19, 2025 meeting with Anthony LaTorella, Defendants dismissed her complaints, minimized the severity of the incidents, and forced her to continue working with the person discriminating against, thereby perpetuating the retaliatory hostile work environment.

97. There was a causal connection between Plaintiff's protected activity and the adverse actions taken against her, as evidenced by the temporal proximity between Plaintiff's complaints and the escalating hostility from Ms. Ruzic, the company's dismissive response to her complaints, and the ongoing retaliatory harassment.

98. Due to Plaintiff's protected activity in complaining about race discrimination and harassment, Plaintiff has been subjected to the continuing hostile work environment, heightened scrutiny, dismissive treatment of her complaints, and failure to provide requested safety protections.

99. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of 42 U.S.C. § 1981, Plaintiff has suffered and continues to suffer substantial economic losses, including lost wages and benefits, constructive interference with her employment, and potential future losses, in an amount to be proved at trial.

100. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, mental anguish, inability to sleep, fear, and other incidental and consequential damages in an amount to be proved at trial.

101.    Defendants have acted with malice or reckless indifference to Plaintiff's federally protected rights.

102.    Therefore, Plaintiff is entitled to all remedies and relief afforded by 42 U.S.C. § 1981, including but not limited to, compensatory damages, punitive damages, attorneys' fees and costs, and injunctive relief.

### *THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS*
*Race Discrimination and Hostile Work Environment Under NYCHRL*

106.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

107.    The New York City Human Rights Law is to be construed liberally to accomplish its uniquely broad and remedial purposes, requiring only that Plaintiff be treated "less well" because of her race.

108.    Defendants discriminated against Plaintiff on the basis of her race (Hispanic) in violation of NYCHRL by denying her the same terms and conditions available to non-Hispanic employees, including but not limited to, subjecting her to disparate and inferior working conditions and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

109.    Defendants discriminated against Plaintiff on the basis of her race, in violation of NYCHRL, by creating, fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a continuous and pervasive hostile work environment that included, among other things, severe harassment and discriminatory treatment of Plaintiff because of her race.

110.    The hostile work environment included, but was not limited to, Defendant Svetlana Ruzic's repeated use of racially charged language, including referring to Hispanics and Plaintiff as "you people" during offensive rants directed at Plaintiff.

14

111.    The hostile work environment further included a pattern of targeting Hispanic employees, singling Plaintiff out for false accusations, berating her, telling her she "doesn't do anything right," and subjecting her to demeaning and threatening treatment that treated Plaintiff "less well" than others because of her race.

112.    The hostile work environment also included the November 5, 2025 bathroom incident in which Defendant Ruzic physically blocked Plaintiff from exiting the bathroom in retaliation for Plaintiff challenging Ms. Ruzic's discriminatory behavior - holding her against her will despite Plaintiff's repeated requests to leave.

113.    This pattern of harassment was severe and pervasive and treated Plaintiff "less well" than non-Hispanic employees because of her race.

114.    Defendants' conduct was motivated by discriminatory animus toward Plaintiff's race as a Hispanic woman.

115.    The discrimination had a direct and tangible effect on Plaintiff's employment, altering the terms and conditions of her work and creating an abusive working environment.

116.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer substantial economic losses, including lost earnings and benefits, constructive interference with her employment, and potential future losses, in an amount to be proved at trial.

117.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, mental anguish, inability to sleep, fear, and other incidental and consequential damages in an amount to be proved at trial.

118.    Under NYCHRL, Plaintiff is entitled to uncapped compensatory and punitive damages.

119.    Defendants have acted with malice or reckless indifference to Plaintiff's rights under NYCHRL.

120.    Therefore, Plaintiff is entitled to all remedies and relief afforded by NYCHRL, including but not limited to, compensatory damages, punitive damages, civil penalties, attorneys' fees and costs, and injunctive relief.

### *FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS*
*Gender Discrimination and Hostile Work Environment Under NYCHRL*

121.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

122.    The New York City Human Rights Law is to be construed liberally to accomplish its uniquely broad and remedial purposes, requiring only that Plaintiff be treated "less well" because of her gender.

123.    Defendants discriminated against Plaintiff on the basis of her gender (female) in violation of NYCHRL by subjecting her to discriminatory terms and conditions of employment and treating her "less well" than male employees, including but not limited to, subjecting her to disparate and inferior working conditions and denying her the opportunity to work in an employment setting free of unlawful discrimination and harassment.

124.    Defendants discriminated against Plaintiff on the basis of her gender, in violation of NYCHRL, by creating, fostering, condoning, accepting, ratifying, and/or otherwise failing to prevent or to remedy a continuous and pervasive hostile work environment that included, among other things, severe harassment and discriminatory treatment of Plaintiff because of her gender.

16

125. The hostile work environment included, but was not limited to, the March 17, 2025 bathroom incident in which Mr. Fragosa inappropriately entered the woman's bathroom, while Plaintiff was inside, and harassed and threatened her.

126. The gendered nature of this incident was particularly severe as it involved a male supervisor intimidating and threatening a female subordinate in a vulnerable private space, demonstrating a lack of respect for Plaintiff's bodily autonomy and safety as a woman.

127. The hostile work environment further included a pattern of Mr. Fragosa treating females, including Plaintiff, in a demeaning and disrespectful manner.

128. Defendants failed to protect female employees, including Plaintiff, from threatening male employees with histories of violence against women, including Mr. Fragosa, who had a known history of beating women.

129. Despite Plaintiff reporting Luis's threatening behavior and the clear risk he posed to women in the workplace, Defendants failed to terminate him, instead merely transferring him to another location where he would pose a threat to other female employees.

130. The harassment and discrimination were based on Plaintiff's gender as a female employee and treated her "less well" than male employees.

131. Male employees were not subjected to the same physical intimidation, invasion of privacy, inappropriate personal comments, or threatening behavior that Plaintiff endured as a female employee.

132. Defendants knew or should have known of the gender-based harassment and discrimination against Plaintiff, as Plaintiff repeatedly reported the conduct to Defendants Elizabeth Levy, Ronald Rawlings, Nicholas Hipple, and Anthony LaTorella.

133.    Despite having actual knowledge of the harassment, Defendants failed to take adequate corrective action to prevent or remedy the hostile work environment based on Plaintiff's gender.

134.    As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer substantial economic losses, including lost earnings and benefits, constructive interference with her employment, and potential future losses, in an amount to be proved at trial.

135.    As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, mental anguish, inability to sleep, fear, and other incidental and consequential damages in an amount to be proved at trial.

136.    Under NYCHRL, Plaintiff is entitled to uncapped compensatory and punitive damages.

137.    Defendants have acted with malice or reckless indifference to Plaintiff's rights under NYCHRL.

138.    Therefore, Plaintiff is entitled to all remedies and relief afforded by NYCHRL, including but not limited to, compensatory damages, punitive damages, civil penalties, attorneys' fees and costs, and injunctive relief.

### *FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS*
#### *Retaliation Under NYCHRL*

141.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

142.    Plaintiff engaged in protected activity under NYCHRL by complaining about and opposing race and gender discrimination and harassment in the workplace.

18

143.   Plaintiff's protected activity included, but was not limited to, complaining to Defendants Elizabeth Levy, Ronald Rawlings, and Anthony LaTorella about Defendant Svetlana Ruzic's discriminatory conduct, including her use of racially charged language referring to Hispanics and Plaintiff as "you people" and her pattern of targeting and harassing Plaintiff.

144.   Plaintiff's protected activity further included complaining about Luis Fragosa's inappropriate and threatening behavior, including his invasion of her privacy in the women's bathroom and his threatening conduct toward her as a female employee.

145.   Defendants knew of Plaintiff's protected activity, as Plaintiff repeatedly reported the discrimination and harassment to Defendants Elizabeth Levy, Ronald Rawlings, Nicholas Hipple, and Anthony LaTorella through written complaints and in-person meetings.

146.   Following Plaintiff's complaints, Defendants retaliated against Plaintiff by subjecting her to continuing harassment and hostile work environment.

147.   Defendants retaliated against Plaintiff by dismissing her legitimate complaints as "misunderstanding and miscommunication," thereby minimizing the severity of the discrimination she suffered and discouraging her from making further complaints.

148.   Defendants retaliated against Plaintiff by failing to take adequate corrective action against Defendant Ruzic and Mr. Fragosa, despite having actual knowledge of their discriminatory and threatening conduct toward Plaintiff.

149.   Defendants retaliated against Plaintiff by allowing Defendant Ruzic to continue in a supervisory role over Plaintiff despite Plaintiff's repeated complaints about her discriminatory conduct and the November 5, 2025 bathroom incident in which Ms. Ruzic physically restrained Plaintiff.

150. Defendants retaliated against Plaintiff by failing to provide the requested safety protections that Plaintiff specifically requested in her written complaints.

151. There was a causal connection between Plaintiff's protected activity in complaining about discrimination and harassment and the adverse treatment she received, as evidenced by the temporal proximity between her complaints and the escalating nature of the harassment and the company's dismissive response.

152. After Plaintiff complained to Elizabeth Levy and Ronald Rawlings about Ms. Ruzic's discriminatory conduct, the harassment and retaliation systematically worsened rather than improved, demonstrating a direct causal connection between her protected activity and the adverse treatment.

153. Defendants' retaliatory conduct was a motivating factor in their treatment of Plaintiff.

154. Under NYCHRL's broad standard, any action that could deter a reasonable worker from making or supporting a charge of discrimination constitutes actionable retaliation, and Defendants' conduct had precisely this chilling effect on both Plaintiff and potential witnesses.

155. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of NYCHRL, Plaintiff has suffered and continues to suffer substantial economic losses, including lost earnings and benefits, constructive interference with her employment, and potential future losses, in an amount to be proved at trial.

156. As a direct and proximate result of Defendants' unlawful retaliatory conduct, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, mental anguish, inability to sleep, fear, and other incidental and consequential damages in an amount to be proved at trial.

157.    Defendants have acted with malice or reckless indifference to Plaintiff's rights under NYCHRL.

158.    Therefore, Plaintiff is entitled to all remedies and relief afforded by NYCHRL, including but not limited to, compensatory damages, punitive damages, civil penalties, attorneys' fees and costs, and injunctive relief.

### SIXTH CAUSE OF ACTION AGAINST ALL INDIVIDUAL DEFENDANTS
*Aiding and Abetting Discrimination Under New York City Human Rights Law*

160.    Plaintiff hereby incorporates all preceding paragraphs of this complaint with the same force and effect as if fully set forth at length.

161.    NYCHRL § 8-107(6) provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or attempt to do so."

162.    Defendants Anthony LaTorella, Nicholas Hipple, Ronald Rawlings, Elizabeth Levy, and Svetlana Ruzic violated NYCHRL § 8-107(6) by personally engaging in, facilitating, or failing to prevent the discrimination, harassment, and retaliation alleged in Causes One through Five.

163.    Each individual defendant, by virtue of their supervisory or managerial authority, had actual or constructive knowledge of the discriminatory conduct and the power to prevent or remedy it.

164.    By their actions or inactions, each individual defendant aided, abetted, incited, compelled, or coerced the unlawful discriminatory practices against Plaintiff.

165.    As a direct and proximate result of the individual defendants' unlawful aiding and abetting in violation of NYCHRL, Plaintiff has suffered and continues to suffer substantial

21

economic losses, including lost earnings and benefits, constructive interference with her employment, and potential future losses, in an amount to be proved at trial.

166.    As a direct and proximate result of the individual defendants' unlawful aiding and abetting, Plaintiff has suffered and continues to suffer severe emotional distress, humiliation, mental anguish, inability to sleep, fear, and other incidental and consequential damages in an amount to be proved at trial.

167.    Therefore, Plaintiff is entitled to all remedies and relief afforded by NYCHRL against each individual defendant personally, including but not limited to, compensatory damages, punitive damages, civil penalties, attorneys' fees and costs, and injunctive relief.

### *PRAYER FOR RELIEF*

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendants as follows:

a.  Declaring that Defendants have violated 42 U.S.C. § 1981 and the NYCHRL;

b.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful discriminatory and retaliatory practices, policies, customs, and usages set forth herein;

c.  An order restraining Defendants from any retaliation against Plaintiff or any individual for participating in this lawsuit in any form;

d.  Awarding Plaintiff compensatory damages for all economic losses, including back pay, front pay, lost wages, lost benefits, and other pecuniary harm suffered as a result of Defendants' unlawful employment practices;

e.  Awarding future income to Plaintiff in an amount to be proven at trial, representing all loss of future earnings, including reasonable and expected increases, loss of retirement income, and all other benefits Plaintiff would have expected to earn during Plaintiff's lifetime had it not been for Defendants' unlawful discrimination;

f.  Awarding Plaintiff compensatory damages for mental and emotional distress, pain and suffering, humiliation, mental anguish, and injury to reputation in an amount to be proven at trial;

g.  Awarding Plaintiff punitive damages against Defendants for their willful, malicious, and reckless conduct;

h.  Awarding civil penalties and fines as provided under the NYCHRL;

i.  Awarding pre-judgment and post-judgment interest as provided by law;

j.  Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

k.  Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper.

Dated:  New York, New York
        January 2, 2025

Respectfully submitted,

**MIZRAHI KROUB LLP**

*Louis M. Leon*

Louis M. Leon, Esq.
*Attorneys for Plaintiff*
225 Broadway, 39th Floor
New York, New York 10007
Tel: (212) 390-0346
Fax: (212) 595-9700
Email: LLeon@mizrahikroub.com

23